**UNITED STATES of America,**
**Appellee,**

v.

**Maurice L. MILLIGAN, Defendant–**
**Appellant.**

**No. 15–505–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 19, 2016.

John H. Durham and Michael J. Gustaf-
son for Deirdre M. Daly, United States
Attorney for the District of Connecticut,
New Haven, CT, for Appellee.

Robert J. Boyle, New York, NY, for
Defendant–Appellant.

---

* The Honorable Brian M. Cogan, United States
District Judge for the Eastern District of New

PRESENT: PETER W. HALL,
SUSAN L. CARNEY, Circuit Judges, and
BRIAN M. COGAN, District Judge.*

### *SUMMARY ORDER*

Defendant–Appellant Maurice L. Milli-
gan appeals his sentence of 90 months'
imprisonment for one count of possession
of a firearm transported in interstate com-
merce by a person previously convicted of
a felony, 18 U.S.C. §§ 922(g), 924(a)(2).
We assume the parties' familiarity with the
underlying facts and the procedural histo-
ry of this case.

On appeal Milligan challenges only the
substantive reasonableness of his sentence.
He contends that the district court placed
undue weight on his involvement in an
April 22, 2013 dispute at a convenience
store in New London, Connecticut, which
culminated in gunfire and resulted in Milli-
gan being convicted of attempted assault
in state court.

We review a district court's sentence for
reasonableness "under a 'deferential
abuse-of-discretion standard.'" *United
States v. Cavera,* 550 F.3d 180, 189 (2d
Cir.2008) (en banc) (quoting *Gall v. United
States,* 552 U.S. 38, 41, 128 S.Ct. 586, 169
L.Ed.2d 445 (2007)). "This form of appel-
late scrutiny encompasses two compo-
nents: procedural review and substantive
review." *Id.*

Substantive review examines the length
of the sentence imposed. *United States v.
Bonilla,* 618 F.3d 102, 108–09 (2d Cir.
2010). We will "set aside a district court's
substantive determination only in excep-
tional cases where the trial court's decision
cannot be located within the range of per-
missible decisions." *United States v.
Lifshitz,* 714 F.3d 146, 149 (2d Cir.2013)

York, sitting by designation.

(per curiam) (quoting *Cavera,* 550 F.3d at 189). A sentence falls outside the range of permissible decisions when, "although procedurally correct, [affirming] would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas,* 583 F.3d 108, 123 (2d Cir.2009).

"The particular weight to be afforded aggravating and mitigating factors 'is a matter firmly committed to the discretion of the sentencing judge,' with appellate courts seeking to ensure only that a factor 'can bear the weight assigned it under the totality of circumstances in the case.'" *United States v. Broxmeyer,* 699 F.3d 265, 289 (2d Cir.2012) (internal citations omitted). "In making that determination, we are mindful that 'facts may frequently point in different directions so that even experienced district judges may reasonably differ, not only in their findings of fact, but in the relative weight they accord competing circumstances.'" *Id.* (quoting *United States v. Jones,* 531 F.3d 163, 174 (2d Cir.2008)).

Milligan has failed to show that his sentence "cannot be located within the range of permissible decisions." *Lifshitz,* 714 F.3d at 149. Milligan contends that his involvement in the April 22, 2013 incident at the convenience store cannot bear the weight assigned to it because the district court relied almost exclusively on this uncharged incident and failed to consider Milligan's many positive achievements (*e.g.,* work history, community involvement, and familial support). Milligan's involvement in the incident at the convenience store, however, was one of many factors that the district court considered in imposing the sentence—a sentence that was at the lower end of the uncontested Guidelines range. Milligan has not established that the "sentence imposed was shockingly high ... or otherwise unsupportable as a matter of law." *Rigas,* 583 F.3d at 123.

We have considered all of Milligan's arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.